UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEREKY MARTIN HAGLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TAMMY RIVERA WILLIAMS,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>1:19-cv-03015-JPB |

## **ORDER**

The following matters are before the Court:

1. Defendant's Motion to Compel (ECF No. 96);

2. Plaintiff's Motion to Exclude (ECF No. 97);

3. Defendant's Motion for Summary Judgment (ECF No. 98); and

4. Plaintiff's Request for Permission to File a Surreply (ECF No. 108).

Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

I.     **BACKGROUND**

Plaintiff Dereky Martin Hagler ("Hagler") filed a Complaint against Defendant Tammy Rivera Malphurs[1] ("Malphurs") for libel, tortious interference and invasion of privacy in connection with an interior design contract dispute.

The parties' litigation of this case has been contentious and has required the Court to referee disagreements on many occasions. For example, the Court held conferences to settle discovery disputes on December 12, 2019, September 16, 2020, and October 5, 2020.

Many of the disputes have concerned matters that counsel would ordinarily be expected to resolve without the Court's assistance. Indeed, in one order resolving a discovery dispute, the Court noted that the parties' conduct was "emblematic of [their] inability to cooperate in this litigation." ECF No. 59, p. 26, n.8. The Court also "remind[ed] counsel of their professional obligation to cooperate with one another" and told them that the Court "expects that some of the simple issues raised in their discovery motions will be resolved without involvement of the Court." *Id*. n.9.

---

[1] Malphurs is identified in the case style as "Tammy Rivera Williams," but she states she is properly identified as Tammy Rivera Malphurs.

## II. ANALYSIS

### A. Motion to Compel

Malphurs seeks to compel Hagler to complete Hagler's October 7, 2020 deposition and urges the Court to sanction Hagler because Hagler's counsel allegedly terminated the deposition prematurely. ECF No. 96.

The October 7 deposition was the third attempt to take Hagler's deposition. The first attempt on September 23, 2020, ended early because Hagler stated she was ill. Given the timing of that deposition, the Court had to enter an order permitting the parties to continue the deposition after discovery closed.

The second deposition, which took place on October 5, 2020, via Zoom, was halted after less than an hour of testimony because Hagler refused to show her face on the screen. The Court had to convene an emergency telephone conference to order Hagler to make her face fully visible on the screen.

The third deposition, which took place on October 7, 2020, was terminated because Hagler's counsel took the position that the time spent deposing Hagler in the capacity of D & A Designs, LLC's ("D&A") designated corporate representative, pursuant to Federal Rule of Civil Procedure 30(b)(6),

should be deducted from the seven-hour time period allowed under Rule 30(d)(1) for Hagler's deposition in her individual capacity.

Malphurs' counsel also contends that Hagler refused to or was unprepared to answer "basic questions" during the Rule 30(b)(6) deposition.

Hagler's counsel responds that he should not be charged with terminating the deposition prematurely because Malphurs' counsel previously consented to a deposition of only seven hours for both Hagler's individual and Rule 30(b)(6) depositions. He also argues that Malphurs is not entitled to two seven-hour depositions of Hagler under applicable law. Finally, Hagler's counsel contends that Malphurs was not prejudiced by the termination of the deposition because she was able to file a motion for summary judgment based on the evidence she did obtain.

The Federal Rules of Civil Procedure do not appear to provide a definitive answer to the question of whether Malphurs is entitled to depose Hagler for two seven-hour periods (one period for each of the Rule 30(b)(6) deposition and her individual deposition). However, district courts in this Circuit that have confronted the issue have ruled that individual and Rule 30(b)(6) depositions are considered separate matters, and, as such, a deponent must sit for two separate periods. *See, e.g.*, *Boldstar Tech., LLC v. Home Depot USA, Inc.*, No. 07-

80435-CIV, 2008 WL 11320004, at *3 (S.D. Fla. Apr. 21, 2008) (stating that "individual and corporate depositions are two separate matters[] and that [the party] [was] entitled to a total of seven hours for each deposition"); *Commodity Futures Trading Comm'n v. Midland Rare Coin Exch. Inc.*, No. 97-7422-CIV, 1999 WL 35148749, at *3 (S.D. Fla. July 30, 1999) (stating that it is "clear" that the plaintiff had the "right" to depose the witness for two separate periods); *Provide Com., Inc. v. Preferred Com., Inc.*, No. 07-80185-CIV, 2008 WL 360588, at *3 (S.D. Fla. Feb. 8, 2008) (noting that the court "did not find any case law that barred a second deposition of an individual who was first deposed in his individual capacity and then called to testify a second time on behalf of the corporation").

In *Sabre v. First Dominion Capital, LLC*, which Malphurs cites in support of her motion, the court found that "[a]s a separate deposition that probes the knowledge of the entity and not the personal knowledge of the individual testifying, a 30(b)(6) deposition should be subject to its own independent seven-hour limit."  No. 01CIV2145BSJHBP, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001).  However, the court noted that "the inquiring party [should not have] *carte blanche* to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness [i]n the case of [a] closely held corporation[],

[where] the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity." *Id*. at *2.

Here, the Court finds that Hagler's deposition as a corporate representative pursuant to Rule 30(b)(6) and as an individual pursuant to Rule 30(b)(1) are separate matters. Each should thus have its own individual seven-hour limit.

Nonetheless, it is appropriate to limit the total time available for both depositions because it appears that Hagler is the principal of D&A (or at least one of only a few), and her knowledge and D&A's likely overlap. Since Hagler's Rule 30(b)(6) deposition appears to have lasted for only about half of the allotted seven-hour period, and Malphurs does not contend that that deposition was prematurely terminated, the Court will limit Hagler's testimony as a Rule 30(b)(6) representative to the time that she has already spent testifying. But the Court will reopen discovery for the *limited* purpose of allowing Malphurs to depose Hagler in her individual capacity for the full seven-hour period. No other discovery will be permitted, and the Court will not entertain any motions seeking same.[2]

---

[2] The Court is not persuaded by Hagler's argument that the issue of the terminated deposition is moot because Malphurs chose to file a motion for summary judgment by the requisite deadline. Malphurs is entitled to a full

If Malphurs elects to reopen Hagler's deposition, it must be completed within two weeks of the date of this Order.  Malphurs may thereafter file a five-page update to her motion for summary judgment ("Update") addressing ***only*** evidence that was obtained for the first time during the reopened deposition.  Hagler may file a five-page response to Malphurs' Update addressing ***only*** the issues raised in the Update.  Malphurs may file a two-page reply in support of the Update.  Briefs must be filed according to the following deadlines:

- Malphurs' Update:  October 1, 2021
- Hagler's response:  October 15, 2021
- Malphurs' reply:   October 29, 2021

Any filing that contravenes the foregoing parameters will be disregarded.

Given the limited authority available on the issue of whether Malphurs is entitled to separate seven-hour periods for Hagler's depositions and the lack of clarity in the record regarding the consent of Malphurs' counsel to a shortened deposition timeframe, the Court finds that sanctions are not appropriate at this time.  The Court, however, warns Hagler's counsel that failure to cooperate with the letter and spirit of this order will be grounds for sanctions.

---

deposition of Hagler, and it should be her prerogative to decide whether to use the allotted time.

### B. Motion for Summary Judgment

In light of the above ruling permitting Malphurs to reopen Hagler's deposition and update her motion for summary judgment, if she chooses, Hagler's current motion for summary judgment is not yet ripe. The Clerk is therefore **DIRECTED** to terminate Hagler's Motion for Summary Judgment (ECF No. 98) and resubmit it on November 1, 2021, after the time to file the Update and any response or reply thereto has expired.

### C. Motion to Exclude Testimony

Hagler seeks to exclude the testimony of Mona Scott-Young ("Scott-Young"), who Malphurs identified in her discovery responses as a witness with relevant information regarding the case.

Hagler asserts that Malphurs failed to provide contact information for Scott-Young despite the Court's Order requiring her to do so. Therefore, Hagler states she has been unable to serve Scott-Young with a deposition notice or otherwise obtain discovery from her. Hagler further states that Scott-Young's company disregarded Hagler's deposition notice.

Malphurs did not respond to Hagler's motion, so the Court considers it unopposed. *See* N.D. Ga. Civ. R. 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."); *Jones v. Bank of Am., N.A.*,

564 F. App'x 432, 434 (11th Cir. 2014) (agreeing with the district court's conclusion that "when a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned"); *In re Acuity Brands, Inc. Sec. Litig.*, No. 1:18-cv-2140-MHC, 2019 WL 10246166, at *28 (N.D. Ga. Aug. 12, 2019) (finding that the defendant's argument was "unopposed" because the plaintiffs did not respond to it).

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (stating that "Rule 37 allows the district court to exclude a witness as a sanction for a [discovery] violation"). Malphurs has not provided any justification for her failure to provide contact information for Scott-Young. *See id*. (stating that "'[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party'" (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006))). Therefore, the Court finds it is appropriate to preclude Malphurs from offering Scott-Young as a witness in this case. Hagler's Motion to Exclude (ECF No. 97) is **GRANTED**.

### D. <u>Request for Permission to File Surreply</u>

Hagler seeks to file a surreply in opposition to Malphurs' motion for summary judgment. She asserts that a surreply is necessary to respond to Malphurs' argument that Hagler's opposition brief is untimely and that Hagler has failed to make a *prima facie* case that she is entitled to relief.

Malphurs did not respond to Hagler's request, but the Court notes that the request was filed as a "Notice" as opposed to a "Motion."

> Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies as a matter of right or in the ordinary course of litigation. Such filings will typically be accepted by the Court only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review. To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs.

*Henley v. Turner Broad. Sys., Inc.*, 267 F. Supp. 3d 1341, 1349 (N.D. Ga. 2017) (internal punctuation and citations omitted).

In this case, the Court finds that Hagler has not identified "unusual circumstances" that would warrant a surreply. Hagler is represented by counsel, who is expected to know the applicable deadline for her opposition brief and the requisite standard at summary judgment. Those questions are neither novel nor did they arise after Hagler filed her brief. Accordingly, Hagler's Request for Permission to File a Surreply (ECF No. 108) is **DENIED**.

### III. SUMMARY

Based on the foregoing analysis, the Court rules as follows:

- Defendant's Motion to Compel (ECF No. 96) is **GRANTED** with the conditions set forth herein;

- Plaintiff's Motion to Exclude (ECF No. 97) is **GRANTED**;

- Defendant's Motion for Summary Judgment (ECF No. 98) is not yet ripe, and the Clerk is **DIRECTED** to terminate and resubmit it on November 1, 2021;

- Plaintiff's Request for Permission to File a Surreply (ECF No. 108) is **DENIED**.

**SO ORDERED** this 25th day of August, 2021.

J. P. BOULEE
United States District Judge